Plaintiff's Name **Allen B. GOODEN**
Inmate No. **C/66314**
Address **POST OFFICE BOX 608**
**Facility D/Dorm 8/32/LOW**
**Tehachapi, California 93581**

**FILED**

SEP 19 2022

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| Allen B. GOODEN | 22-cv-00871-DAD-SAB |
|---|---|
| (Name of Plaintiff) | (Case Number) |

VS.

**P. Yanez**

**AMENDED CIVIL RIGHTS COMPLAINT UNDER:**

☑ 42 U.S.C. 1983 (State Prisoner)

☐ <u>Bivens</u> Action [403 U.S. 388 (1971)] (Federal Prisoner)

*JURY TRIAL DEMANDED*

**RECEIVED**

SEP 19 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____DEPUTY CLERK

(Names of all Defendants)

I. Previous Lawsuits (list all other previous or pending lawsuits on additional page):

    A. Have you brought any other lawsuits while a prisoner? Yes____ No____

    B. If your answer to A is yes, how many? _____

    Describe previous or pending lawsuits in the space below. (If more than one, attach additional page to continue outlining all lawsuits in same format.)

        1. Parties to this previous lawsuit:

        Plaintiff _____

        Defendants _____

        2. Court (if Federal Court, give name of District; if State Court, give name of County)

        3. Docket Number _____ 4. Assigned Judge _____

        5. Disposition (Was the case dismissed? Appealed? Is it still pending?)

6. Filing Date (approx.) _____   7. Disposition Date (approx.) _____

## II. Exhaustion of Administrative Remedies

**NOTICE:**   Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prior to filing suit, inmates are <u>required</u> to exhaust the available administrative remedy process, *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1999 (9th Cir. 2002), and neither futility nor the unavailability of money damages will excuse the failure to exhaust, *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 988 (2002). If the court determines that an inmate failed to exhaust prior to filing suit, the unexhausted claims will be dismissed, without prejudice. *Jones*, 549 U.S. at 223-24, 127 S.Ct. at 925-26.

    A. Is there an inmate appeal or administrative remedy process available at your institution?

        Yes__X__   No_____

    B. Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

        Yes__X__   No_____

    C. Is the process completed?

        Yes__X__   If your answer is yes, briefly explain what happened at each level.

_____AT the first level of review grievance was "denied"._____

_____At the second, and now, the final level the grievance was: "denied"._____

_____Thus, all available administrative remedies are exhausted._____

_____

_____

        No_____   If your answer is no, explain why not.

_____

_____

_____

_____

## III. Defendants

List each defendant's full name, official position, and place of employment and address in the spaces below. If you need additional space please provide the same information for any additional defendants on separate sheet of paper.

    A. Name __P. Yanez__ is employed as __a "corrections officer"__

       Current Address/Place of Employment __P.O. Box 1031 Tehachapi, CA. 93581 "CCI"__

B. Name _____ is employed as _____

Current Address/Place of Employment _____

C. Name _____ is employed as _____

Current Address/Place of Employment _____

D. Name _____ is employed as _____

Current Address/Place of Employment _____

E. Name _____ is employed as _____

Current Address/Place of Employment _____

**IV. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary. Must be in same format outlined below.)

<u>Claim 1</u>: The following civil right has been violated (e.g. right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.):

  Plaintiff avers that Defendant ( P. Yanez) violated his 4th Amendment
  Right to be free from Excessive /Unreasonable Use of Force.

<u>Supporting Facts</u> (Include all facts you consider important to Claim 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Claim 1.):

  Please see included explaination of claims (included herein)

**Claim 2:** The following civil right has been violated (e.g. right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.):

> Plaintiff also claims Yanez violated his 8th Amendment Rights to be free from Cruel and/or Ususual Punishment.

Supporting Facts (Include all facts you consider important to Claim 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Claim 2.):

> See included explaination of claims at pg.2

**V. Relief**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statues.

Plaintiff is seeking $25,000.00 in compensatory damages for pain and suffering: and also $50,000.00 in punitive damages to deter this type of reprehensible behavior from happening againto him.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 8/14/2022        Signature of Plaintiff: _Allen B. [signature]_

(Revised 4/4/14)

# EXPLANATION OF PLAINTIFF'S CLAIM

This whole unfortunate incident stemed from how a "Covid-19" mask should be worn, and the result was that a 67 years old man almost died due to a state employees over-zealousness and abuse of authority!

On February 04, 2021, at the California Correctional Institution or "CCI", on D-Facility Level 2 (out of 4), dorm-living, free roam for inmates, Allen B. Gooden or "Plaintiff" was calmly sitting in the "dayroom" there ( a place where inmates can gather to play board games, watch T.V., talk or do leisure time activities), when at about 11:20 a.m. Correctional Officer Yanez, the Defendant came in the dayroom yelling in a loud obnoxious voice violating CDCR, Title 15, Rules and Regulation Section 3391. Also as well as 3004 (B) inciting the situation and making threats by stating: "If I see anyone not wearing their state masks will receive a serious 115!"

A 115 is a disciplinary infraction per the California Dep't of Corrections and Rehabilitation or "CDCR", that results in a loss of good time credits and / or privileges! It will also hurt you at a Parole Board Hearing, which will result in a three or five year denial!

The state provided masks were made out of an orange material that the state issued coats are made from, and were very hard to breathe through, so most inmates wore the masks at half/way over their noses and or their mouths.

There were No Clear Rule Directives on how masks may be worn. About twenty inmates were in the dayroom at the time Yanez came into the dayroom attempting to incite problems,(as he routinely does,)and when he does; he uses profane language as Plaintiff will show, once he is allowed to submit evidence. For example, CDCR Title 15 unequivocally states in 3391 that staff are not supposed to curse at inmates! 3004 (B) Rights And Respect Of Others. This is exactly why what he was doing in the dayroom was in violation of 3004 (B), when he came into a dayroom full of inmates who were in compliance with the new masks standards. Still, he did not take this into account when he had stated: "What the fuck you just said to me?"

Even more violating Title 15 3391, Employee conduct. Employee should be alert, aware, curteous and professional when it comes down to dealing with inmates. Inmates should be addressed by their proper name. While on duty, irresponsible or unethical conduct or conduct reflecting bad behavior that discredit themselves or the department either on duty or off duty should be avoided by all employees!

Every inmate in the dayroom began to make moaning and groaning sounds at Correctional Officer Yanez! However, Plaintiff said: "Well, I plan on going over to your supervisor Trimble to get clarification on this mask issue", Plaintiff remained silent trying very hard trying to ignore him or the advances by Correctional Officer Yanez! At that time, Correctional Officer Yanez abrutly walked fast towards Plaintiff screaming

-1-

that if you have something to say to me then say it?
I like to point out that Plaintiff felt in fear and intimidated as Correctional Officer Yanez kept his right hand placed on a regulatory pepper spray canister! Plaintiff noticed as escalation in the stance of Correctional Officer Yanez and tried very hard to avoid further harassment, Plaintiff attempted to deescalate the situation by attemtping to go an address the matter to his superior Sergeant Trimble! As soon Plaintiff stood up to leave out of the dayroom, Correctional Officer Yanez took out his pepper sray canister and sprayed it all in Plaintiff's face, mouth and eyes to the point where Plaintiff couldn't breath and see!
Plaintiff was blinded, panicked and began to run for the 'door' to attempt to get some oxygen; once outside several officers came over to place Plaintiff in handcuff's. Plaintiff complied at all times!
Suffice it is to say, Correctional Officer Yanez never gave direct orders to Plaintiff to comply with before using excessive force, nor did he take into account that Plaintiff is an elderly inmate who may have health issues that pepper spray will have an adverse affect upon an elderly person!
Yanez claims that the force he used was necessary to "de-esculate" the situation, but Plaintiff claims there was absolutely no need for Yanez to deploy any chemical agents, this is a critical issue for the trier of facts to decide.
Under the 8th Amendment to the U.S. Constitution, use of excessive force against a person may amount to cruel and unusual punishment!
In deciding whether the use of deadly force was constitutional courts must consider, both the degree of force used and the mental state of the Correctional Officer or Staff Person who applied the force!
For the first factor, the amount of force (like here), must be more than "de minimis" or minor, a push or shove that causes no injury almost certainly is not unconstitutional. (One example of excessive force cases on point here is the matter in; Furnance V. Sullivan, 705 F. 3D 1021 (9th Cir. 2013) (prolonged pepper spraying).
A person does NOT necessarily have to suffer a serious injury to show that the use of force was excessive, but the extent of the injury can be relevant in determining the amount of force that was applied!
(See, e.g., Wilkins V. Gaddy, 559 U.S. 34 (2010).
For the second factor, a person need only show that the prison officials "acted maliciously and sadistically for the sole purpose of causing harm", (like here), and not in a good faith to maintain or restore order and peace!
(See, i.e., Whitely V. Albers, 475 U.S. 312, 320-21 (1986).
The CDCR has developed state wide policies and staff training programs on the use of force and restraining devices. (See CCR Title 15 $$ 3268-3268.3; CCR Title 15 $$3278; DOM $51020. 1-51020.24). The DOM also sets policies on the use of less lethal weapons, Chemical Agents, and deadly force! ( DOM $$51020. 15.1- 51020.15.6) Chemical Agents)!

-2-

These policies direct staff to consider a person's mental health status, "medical concerns", and the ability to understand and comply with orders when determining the best course of action for resolving a situation. (DOM $51020.5). Correctional Officer Yanez never took into consideration that Plaintiff is a senior-citizen who may have health care issues, and that pepper spray affects an elderly person's breathing apparatus!

More specifically, before under taking a "controlled use of force", there must be a "cool down" period during which mental health staff, (and possibly custody staff as well), will try to persuade the person to voluntarily exit the area. During the "cool down" period, licensed nursing staff must review a person's health records to determine whether the person has disabilities and/or mental health issues as such that the use of Chemical Agents or Physical Force would pose a particular risk to the person! Nursing staff must then be physically present during any ensuing controlled use of force! (See DOM $51020.12).

Yanez never followed any polices that must be complied with before executing excessive force on Plaintiff!

THESE ARE TRIABLE ISSUES OF FACTS/FOR THE TRIER OF FACTS!

INJURIES!

Plaintiff suffered for over one month with breathing difficulties, eye malfunctions, (sticky, watery eyes, tear duct problems) Now he has night terrors, bad dreams, P.T.S.D. around Correctional Officers, nasal problems, fears of retaliation from other CDCR Employees, excess-**phloem**, hard at times to talk, and hold deep breaths, all due to the whole cannister of pepper spray into his face because of defendant's actions!

LEGAL STANDARDS APPLICABLE HERE.

1. At the pleading stage, (like here), the court is NOT in a position to determine questions of claims merit which require submission of evidence, versus only a determination as to whether a claim has been plausibly stated!
(See, Barrett V. Belleque, 544 F. 3D 1060, 1062 (9th Cir. 2008).

2. A pro se Plaintiff's complaint must be broadly construed. (See, Erickson V. Pardus, 551 U.S. 89, 94 (2007).

3. The Federal Rules provide a liberal system of notice pleading Fed. R. Civ. P., Rule 8. Plaintiff's Amended Complaint includes enough to give the Defendant fair notice ot the 4th & 8th Amendment claim, and the grounds upon which his claims rest. (See, Leatherman V. Tarrant County, 507 U.S. 163, 168 (1993).

4. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference

-3-

1 | that the Defendant is liable for his misconduct alleged".
2 | (See, Ashcroft V. Lqbal, 556 U.S. 662, 663 (2009).

3 | 5. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must
4 | construe the allegations in the light most favorable to the Plaintiff. (See, Bell Atlantic Corp V. Twoombly, 550 U.S.
5 | 544, 555 (2007). (See also, Hall V. Bellman, 935 F. 2D 1106, 1109 (10th Cir. 1991).

7 | 6. "A well-pleaded compliant may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and
8 | that 'recovery is very remote and unlikely'".
(See, Vantage Mobility Int'l LLC V. Kersy Mobility LLC, 2020
9 | U.S. LEXIS 11822, January 24, 2020, opinion; and see Twombly, supra, 550 U.S. at 556 (quouting Scheuer V. Rhodes, 416 U.S. 232,
10 | 236 (1974).

12 | 7. When a federal court reviews the sufficiency of a compliant before the reception of any evidence either by affidavit or
13 | admissions, it's task is necessarily alimited one.
The issue is not whether the claimant will ultimately prevail,
14 | but whether the claimant is entitled to offer evidence to support the claims.
15 | (See, Scheuer V. Rhodes, 416 U.S. 232, 236 (1974)

17 | 8. Plaintiff further avers that Defendant Yanez acts demonstrate deliberate indifference to his Constitutional Rights, thus,
18 | Yanez is liable for his erratic behavior on the morning in question.

20 | 9. Plaintiff further avers that it is solely up to a jury to determine if the unecessary use of force is/was warranted!
21 | Plaintiff therefore avers that this issue alone raises a triable fact for the Trier Of Fact to determine.

## VERIFICATION

I, <u>Allen B. Gooden</u>, declare, state, clerify:

I am the Plaintiff herein, and I have read the 42 U.S.C.$ 1983 Civil Rights Complaint herein, and I believe the facts therein to be true, on my own personal knowledge and beliefs, and as to those beliefs, and about the events that occured on 2/04/2021, and I certify them to also be true.

This declaration was executed under the penalty of perjury is true and correct at Tehachapi, California on SEPTEMBER 14, 2022 (See, 28 U.S.C-A. $1746)

*[signature]*
ALLEN B. GOODEN
Plaintiff/Declarant

CALIFORNIA CORRECTIONAL INSTITUTION
## PROOF OF SERVICE BY MAIL
(C.C.P. §1013a §2015.5; Fed.R.Civ.P. 5; 28 U.S.C. 1746)

(A) I am over the age of eighteen years, a citizen of the United States, a resident of the State of California, (and / and not) a party to the within action. My mailing address is: P.O. BOX __608__, TEHACHAPI, CA 93581.

(B) On the following date: __SEPTEMBER 14, 2022__, I served the following document(s):

(C) __PLAINTIFF'S AMENDMEND COMPLAINT IN THE MATTER OF: CASE NAME (PC) GOODEN V. YANEZ et al & CASE NUMBER: 1:22-cv-00871-DAD-SAB__

(D) On the interested parties in this action, by placing true copies thereof, enclosed in sealed envelopes, addressed as follows to the following party(ies):

CLERK OF THE COURT

U.S. DISTRICT COURT OF CA.

EASTERN DISTRICT

2500 TULARE STREET ROOM 1501

FRESNO, CALIFORNIA 93271

I am readily familiar with the normal business practices for the collection and processing of correspondence and other materials for mailing with the United States Postal Service (USPS). On the same day that correspondence is placed for collection and mailing, in a sealed envelope and postage fully prepaid, it is deposited into a box so provided to the California Correctional Institution in which I am presently confined.

I certify and declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

(E) Name: __ALLEN BERNARD GOODEN__   CDCR#: __C/66314__

Signed: *[signature: Allen B. Gooden]*   Dated: __SEPTEMBER 14, 2022__

---

### STAFF: ACKNOWLEDGEMENT OF RECEIPT *

Dated: _____   Staff: _____

Signed: _____